UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-cr-117-01 |
| v. | ) | |
| | ) | (18 U.S.C. §§ 1201(a)(1), |
| MICHAEL S. JACQUES, | ) | 2251(a), 2252(a)(4)(B)) |
| Defendant. | ) | |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2008 OCT -1 PM 2: 09
CLERK
BY DEPUTY CLERK

INDICTMENT

The Grand Jury charges:

COUNT 1

1. In 2003, in Randolph Center, Vermont, the defendant, MICHAEL S. JACQUES, intimidated and deceived a then nine-year-old girl, referred to in this Indictment as J1, into believing that she had to engage in sexual acts with him or a powerful organization named "Breckenridge" would kill her.

2. From 2003 through early 2008, JACQUES sent a series of communications to J1, designed to look like they were from the (fictitious) Breckenridge, to intimidate and manipulate J1 into continuing to submit to his sexual abuse. As part of his scheme, he invented several fictitious characters (such as "Eric" and "Charles"), supposedly associated with Breckenridge, and devised communications, including email and cell phone text messages, to J1 from those characters. As a result, he succeeded in causing J1 to submit to ongoing Breckenridge directives, including instructions to submit to JACQUES videotaping her while she was sexually abused, and instructions to take drugs prior to sexual abuse by JACQUES.

3. During 2003 through early 2008, JACQUES persuaded J1 that on occasion Breckenridge "terminated" girls. J1 was informed that, while she would not be required to participate in such a termination, she might be required to assist in related planning.

4. In or about May, 2008, JACQUES sent messages to J1, purportedly from Breckenridge operatives, informing her that twelve year-old area girl Brooke Bennett had been designated for termination. JACQUES's messages falsely represented to J1 that Brooke Bennett was causing significant difficulties for J1's father, resulting in him being suicidal.

5. In May and June, 2008, JACQUES sent messages to J1, purportedly from Breckenridge operatives, stating that she was expected to assist JACQUES in kidnapping Brooke Bennett and turning her over to Breckenridge operatives.

6. On June 24, 2008, JACQUES lured Brooke Bennett to his residence, with the assistance of J1, by leading Brooke Bennett to believe that she would be a guest at a pool party there on June 25, 2008.

7. On June 25, 2008, JACQUES, accompanied by J1, drove Brooke Bennett to the Cumberland Farms convenience store in Randolph, Vermont, and left her there, to create the pretense that he was ending his contact with her. In fact, shortly after leaving Brooke Bennett at the store, JACQUES picked her up not far from the store and brought her back to his house. Once at his house, JACQUES instructed J1 to leave. JACQUES then drugged, sexually assaulted, and murdered Brooke Bennett.

8. On or about and between June 20 - 25, 2008, in the District of Vermont, JACQUES unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Brooke Bennett, and held her for his own benefit and purpose, and used means, facilities, and instrumentalities of interstate commerce, namely, cell phone text messages, internet email messages, and an internet MySpace posting, in committing or in furtherance of the commission of the offense, which resulted in the death of Brooke Bennett.

(18 U.S.C. § 1201(a)(1))

COUNT 2

In or around Christmas, 2003, in the District of Vermont, the defendant, MICHAEL S. JACQUES, used, persuaded, induced, and coerced a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, specifically a videotape in which a decoration appears in a window, which visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

(18 U.S.C. § 2251(a))

COUNT 3

In or about 2005, the exact date being unknown, in the District of Vermont, the defendant, MICHAEL S. JACQUES, used, persuaded, induced, and coerced a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, specifically a videotape in which the two actors spend the first 10 - 14 minutes concealed under a bed cover, which visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

(18 U.S.C. § 2251(a))

COUNT 4

In or about 2005, the exact date being unknown, in the District of Vermont, the defendant, MICHAEL S. JACQUES, used, persuaded, induced, and coerced a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, specifically a videotape showing the minor person watching a silver portable DVD player, which visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

(18 U.S.C. § 2251(a))

COUNT 5

Between 2004 and 2008, the exact date being unknown, in the District of Vermont, the defendant, MICHAEL S. JACQUES, used, persuaded, induced, and coerced a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, specifically a videotape of conduct on a bed covered with a patchwork quilt, which visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

(18 U.S.C. § 2251(a))

COUNT 6

On or about June 25, 2008, in the District of Vermont, the defendant MICHAEL S. JACQUES, knowingly possessed matter containing visual depictions that had been transported in interstate commerce, where the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct.

(18 U.S.C. § 2252(a)(4)(B)(i))

Notice of Special Findings

A. The allegations of Count 1 of this Indictment are hereby realleged and incorporated by reference.

B. As to Count 1 of this Indictment, the defendant, MICHAEL S. JACQUES:

(1) was more than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

(2) intentionally killed Brooke Bennett (18 U.S.C. § 3591(a)(2)(A));

(3) intentionally inflicted serious bodily injury that resulted in the death of Brooke Bennett (18 U.S.C. § 3591(a)(2)(B));

(4) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

(5) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

C. As to Count 1 of this Indictment:

(1) the death occurred during the commission of a kidnapping (18 U.S.C. § 3592(c)(1));

(2) MICHAEL S. JACQUES committed the offense in an especially heinous, cruel, or depraved manner, in that it involved serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

(3) MICHAEL S. JACQUES committed the offense after substantial planning and premeditation to cause the death of Brooke Bennett (18 U.S.C. § 3592(c)(9)); and

(4) the victim was particularly vulnerable due to youth or infirmity (18 U.S.C. § 3592(c)(11)).

A TRUE BILL

THOMAS D. ANDERSON
UNITED STATES ATTORNEY
Rutland, Vermont
October 1, 2008