DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2009 AUG 25  PM 3: 08

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-117 |
| | ) | |
| MICHAEL S. JACQUES | ) | |

## NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH

The United States of America gives notice pursuant to 18 U.S.C. § 3593(a) that the

Government believes that the circumstances of the offense are such that, if the defendant is

convicted of kidnapping resulting in the death of Brooke Bennett, as charged in Count 1 of the

Indictment, a sentence of death is justified under 18 U.S.C. §§ 3591 - 3599, and the Government

will seek a sentence of death.  The Government proposes to prove the following factors as

justifying a sentence of death:

A.    Statutory Threshold Findings: 18 U.S.C. § 3591(a)(2)(A), (B), (C) & (D)

The Government will seek to prove the following threshold findings as the basis for the

imposition of the death penalty:

1. The defendant, Michael S. Jacques, was 18 years of age or older at the time of

the offense.  Section 3591(a)(2).

2. The defendant, Michael S. Jacques, intentionally killed the victim, Brooke

Bennett.  Section 3591(a)(2)(A).

3. The defendant, Michael S. Jacques, intentionally inflicted serious bodily injury

that resulted in the death of the victim, Brooke Bennett.  Section 3591(a)(2)(B).

4. The defendant, Michael S. Jacques, intentionally participated in an act,

contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Brooke Bennett, died as a direct result of the act.  Section 3591(a)(2)(C).

   5.  The defendant, Michael S. Jacques, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Brooke Bennett, died as a direct result of the act.  Section 3591(a)(2)(D).

  B. Statutory Aggravating Factors: 18 U.S.C. § 3592(c).

  The Government will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty:

   1.  *Death during commission of another crime.*   The death of the victim, Brooke Bennett, occurred during the commission of an offense under 18 U.S.C. § 1201(a)(1), as described in Count 1.  Section 3592(c)(1).

   2.  *Heinous, cruel, or depraved manner of committing offense.*  The defendant, Michael S. Jacques, committed the offense described in Count 1 in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Brooke Bennett.  Section 3592(c)(6).

   3.  *Substantial Planning and Premeditation.*  The defendant, Michael S. Jacques, committed the offense described in Count 1 after substantial planning and premeditation to cause the death of the victim, Brooke Bennett.  Section 3592(c)(9).

2

4. *Vulnerable Victim.*  The victim, Brooke Bennett, who was 12 years old at the time of her death, was particularly vulnerable due to her youth.  Section 3592(c)(11).

C.      Non-Statutory Aggravating Factors: 18 U.S.C. § 3593(a)(2).

The Government will seek to prove the following non-statutory aggravating factors as the basis for the imposition of the death penalty:

1. *The Sexual Abuse and Manipulation of J1.*  The defendant, Michael S. Jacques, sexually abused and raped J1 from the age of nine, in 2003, to the age of 14, in 2008, and further controlled and manipulated J1 into believing that Breckenridge was real, to be obeyed, and capable of killing her and her family.

2. *Jacques's Manipulation and Deception of the Vermont Criminal Justice System.*  The defendant, Michael S. Jacques, during approximately 2003 - 2006, manipulated and deceived representatives of the State of Vermont's criminal justice system into believing that, in the wake of completing a term of imprisonment and Vermont's sex offender treatment program, he had been rehabilitated.

3. *The Use of a Juvenile to Commit Kidnapping and Murder.*  The defendant, Michael S. Jacques, in 2008, used J1 to commit the kidnapping and murder of Brooke Bennett.

4. *The Murder of Brooke Bennett to Eliminate a Witness.*  The defendant, Michael S. Jacques, murdered Brooke Bennett in part to eliminate her as a witness to her own kidnapping and rape.

5. *The Exploitation of a Family Relationship with Brooke Bennett.*  The defendant, Michael S. Jacques, exploited his family relationship with Brooke Bennett, who was

3

his step-niece, to kidnap, rape, and murder her.

6. *Orchestrating J1's Sexual Assault by Another Adult Male.* The defendant, Michael S. Jacques, in or about June, 2007, orchestrated the sexual assault of J1 by another adult male.

7. *Jacques's Rape and Sexual Abuse of J2.* The defendant, Michael S. Jacques, during 1977-1984, sexually abused and raped then-juvenile J2.

8. *Jacques's Rape of 13 or 14-year-old J3.* The defendant, Michael S. Jacques, during approximately 1980 - 1982, raped then-juvenile J3.

9. *Jacques's Rape of 13-Year-Old J4.* The defendant, Michael S. Jacques, in or about 1987, raped 13-year-old J4, a Barre, Vermont, girl, and engaged in sexually inappropriate conduct with other girls living in Barre, Vermont at the time.

10. *Jacques's Rape of A1.* The defendant, Michael S. Jacques, during approximately 1990 - 1992, raped A1.

11. *Jacques's Kidnapping and Rape of 18-Year-Old A2.* The defendant, Michael S. Jacques, on May 31 and June 1, 1992, kidnapped, raped, and threatened to kill 18-year-old A2.

12. *Production, Distribution, and Possession of Child Pornography.* The defendant, Michael S. Jacques, during 2003 - 2008, produced, distributed, and possessed child pornography.

13. *Lack of Remorse.* The defendant, Michael S. Jacques, has demonstrated a lack of remorse for the kidnapping, rape, and murder of Brooke Bennett, and the manipulation, sexual abuse, and rape of J1.

4

14. *Low Rehabilitative Potential.* The defendant, Michael S. Jacques, committed the capital offense after being afforded multiple opportunities to rehabilitate, in that he completed a prison sentence and probationary term, as well as the State of Vermont's sex offender treatment program, yet continued to engage in manipulative, deceitful, and violent criminal behavior.

15. *Pre-Arrest Obstruction of Justice.* The defendant, Michael S. Jacques, prior to his arrest on June 29, 2008, attempted to and did obstruct justice in connection with his offenses involving Brooke Bennett and J1.

16. *Post-Arrest Obstruction of Justice.* The defendant, Michael S. Jacques, while in detention after his June 29, 2008 arrest, attempted to obstruct justice, by seeking to recruit a third-party to send email messages indicating that Breckenridge was real: to J1, threatening to kill J1 and members of her family unless she gave false information to police, and also to law enforcement officials and the press, claiming that Jacques had been falsely accused.

17. *Victim Impact.* The defendant, Michael S. Jacques, caused injury, harm, and loss to Brooke Bennett's family, friends, and classmates because of Brooke Bennett's personal characteristics as an individual human being and the impact of her death upon her family, friends, and classmates. Section 3593(a); see Payne v. Tennessee, 501 U.S. 808, 825-26 (1991).

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Indictment as they relate to the background and character of the defendant, Michael S. Jacques, his moral culpability, and the nature and circumstances of the offense charged in

5

Count 1 of the Indictment.

WHEREFORE, the United States respectfully requests that its compliance with 18

U.S.C. § 3593(a) be noted.

Dated at Burlington, in the District of Vermont, this 25th day of August, 2009.

Respectfully submitted,

UNITED STATES OF AMERICA

TRISTRAM J. COFFIN
United States Attorney

By:

CRAIG S. NOLAN
WILLIAM B. DARROW
Assistant U.S. Attorneys
P.O. Box 570
Burlington VT 05402-0570
(802) 951-6725

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-117 |
| | ) | |
| MICHAEL S. JACQUES | ) | |

CERTIFICATE OF SERVICE

I, Kelly Sammel, Legal Assistant for the United States Attorney's Office for the District

of Vermont, do hereby certify that I served a copy of the Notice Of Intent To Seek A Sentence of

Death to the Defendant by mailing copies thereof to Defendant's counsel via U.S. Mail,

addressed as follows:

> Michael L. Desautels, Esq.
> Office of the Federal Public Defender
> 126 College St., Suite 410
> Burlington, VT 05401

> Jean DeSales Barrett, Esq.
> David A. Ruhnke, Esq.
> Ruhnke & Barrett
> 47 Park St.
> Montclair, NJ 07042

DATED at Burlington, Vermont this 25th day of August 2009.

Kelly H. Sammel
Legal Assistant
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725